UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GLORIA BEATRIZ CHANALUISA ALOMOTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:26-cv-00010-SEB-KMB |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY & ) | |
| IMMIGRATION CUSTOMS AND ) | |
| ENFORCEMENT, ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT (ICE), ) | |
| CLARK COUNTY SHERIFF, ) | |
| CLARK COUNTY JAIL, ) | |
| PAMELA BONDI, ) | |
| ) | |
| Respondents. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Gloria Chanaluisa Alomoto seeks a writ of habeas corpus requiring that she be released from U.S. Immigration and Customs Enforcement ("ICE") detention or, alternatively, that she receive a bond hearing within seven days. Because the undisputed facts demonstrate that Ms. Chanaluisa Alomoto is eligible for bond, the Court **grants** her petition by directing that she be afforded a bond hearing or released from detention. Accordingly, the Court also **grants** Ms. Chanaluisa Alomoto's motion for leave to file a late reply, dkt. [13].

I.   **Background**

The material facts are undisputed.

Ms. Chanaluisa Alomoto is a citizen of Ecuador. She entered the United States without admission or parole on or around July 18, 2023. Dkt. 1 ¶ 22. On July 23, 2023, Department of Homeland Security ("DHS") issued Ms. Chanaluisa Alomoto a Notice to Appear, placing her in

1

removal proceedings under 8 U.S.C. § 1229a. Dkt. 1-2. The Notice charged Ms. Chanaluisa Alomoto as "subject to removal" per § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because "[she] [was] not then admitted or paroled after inspection by an immigration officer." *Id.* DHS also issued a Warrant for Arrest of Alien (Form I-200), which authorized the federal agent to take Ms. Chanaluisa Alomoto into custody under 8 U.S.C. § 1226. Dkt. 1-3. Without detaining her, DHS then released Ms. Chanaluisa Alomoto on her own recognizance under § 1226 and its applicable regulations. Dkt. 1-4 (Order of Release on Recognizance).

Two and a half years later, on October 22, 2025, ICE re-arrested Ms. Chanaluisa Alomoto in Illinois, eventually transferring her to Clark County Jail in Indiana where she remains detained. *See* dkt. 10-1 (ERO Narrative). When ICE agents arrested Ms. Chanaluisa Alomoto the second time, they also issued a Form I-200 Warrant of Arrest of Alien. *Id.* at 2.

There is no record that Ms. Chanaluisa Alomoto is seeking asylum. *See* dkt. 14. Ms. Chanaluisa Alomoto will appear before an immigration judge on February 12, 2026, but there is no indication that she has requested or received a bond hearing.

**II.    Analysis**

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Chanaluisa Alomoto argues that she is detained without any possibility of bond and that she is therefore in custody in violation of the Fifth Amendment and the INA. She asks the Court to order the respondents to release her immediately or at least grant her a bond hearing within seven days. The respondents answer that Ms. Chanaluisa Alomoto must be detained under 8 U.S.C. § 1225(b)(2)(A) and that this Court lacks jurisdiction to review the Attorney General's discretionary

2

decision to withhold bond. Alternatively, the respondents argue, Ms. Chanaluisa Alomoto is entitled to at most a bond hearing.

### A. Detention Under § 1226

Ms. Chanaluisa Alomoto argues that circumstances preceding her re-arrest and detention dictate that her detention may only be authorized by 8 U.S.C. § 1226(a):

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.

[T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

The respondents answer that Ms. Chanaluisa Alomoto's detention is authorized by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Ms. Chanaluisa Alomoto has not been admitted to the United States by immigration officials, she is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 10 at 4–6. This position is untenable for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every unadmitted alien arrested inside the United States, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048,

1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts around the country have rejected the government's interpretation. *See, e.g.*, *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). "As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Id.* (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary district court decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 10 at 9. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1]

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 9 at 1–2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez v. Walsh*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Ms. Chanaluisa Alomoto in this case. In their briefing on § 1226, the respondents explain:

> When a noncitizen is apprehended, a DHS officer makes an initial discretionary determination concerning release. 8 C.F.R. § 236.1(c)(8). DHS "may continue to detain the" noncitizen. 8 U.S.C. § 1226(a)(1).

Dkt. 10 at 6. Except for withholding any consideration of bond, the respondents' treatment of Ms. Chanaluisa Alomoto has been entirely consistent with their description of § 1226.

In 2023, federal agents arrested Ms. Chanaluisa Alomoto pursuant to a Form I-200 administrative warrant issued by DHS, which explicitly authorized the federal agent to take Ms. Chanaluisa Alomoto into custody under § 1226. Dkt. 1-3. Then, instead of detaining her, Ms. Chanaluisa Alomoto was released on her own recognizance explicitly under § 1226. Dkt. 1-4. As seen above, § 1225 does not provide for release except under circumstances not applicable here (e.g., humanitarian parole) because it mandates detention. In 2023 then, the government determined and documented that Ms. Chanaluisa Alomoto was subject to arrest under § 1226, not § 1225. In 2025, federal agents issued Ms. Chanaluisa Alomoto the same Form I-200 warrant upon re-arresting her, again evoking the authority of § 1226. *See* dkt. 10-1. In addition, respondents contend that § 1225 governs inspection. Dkt. 10 at 4. But Ms. Chanaluisa Alomoto's Notice to Appear from 2023 states that she is "subject to removal" under INA § 212(a)(6)(A)(i) because "[she] [was] not then admitted or paroled *after* inspection by an immigration officer." Dkt. 1-3 (emphasis added). Respondents do not explain why or how Ms. Chanaluisa Alomoto would need to be inspected again in 2025. Thus, the government's own treatment of Ms. Chanaluisa Alomoto suggests that she is only rightfully detained under § 1226.

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government acted under § 1226 when it took Ms. Chanaluisa Alomoto into custody in 2023 and again in 2025. It cannot now maintain that she is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

### B. Jurisdiction Under § 1226(e)

The respondents also argue that, even if Ms. Chanaluisa Alomoto's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over her claim. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. Under the authority of the Attorney General, an immigration judge has not rendered a discretionary judgment under § 1226. An immigration judge has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Ms. Chanaluisa Alomoto requested bond, an immigration judge considered her request on the merits and denied it, and she petitioned this Court for a different result. But there is no record that an immigration judge has made this kind of determination. The government has not made a discretionary decision to detain Ms. Chanaluisa Alomoto and thus, § 1226(e) does not apply to this case.[2]

### C. Relief Available

Ms. Chanaluisa Alomoto argues that her detention without consideration of bond violates the Constitution and laws of the United States and asks the Court to order her immediate release. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Whether viewed through the scope of § 1226 or the Fifth Amendment, the appropriate relief for Ms. Chanaluisa Alomoto is a bond hearing—not immediate release. She maintains—and the Court agrees—that she is subject to § 1226, which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Ms. Chanaluisa Alomoto's custody is not unlawful because of the very fact that she is detained. Rather, her custody is unlawful only to the extent the government refuses to consider whether she may be released as the law requires.

---

[2] The record indicates that Ms. Chanaluisa Alomoto has not yet requested a bond hearing. This does not change the outcome. The respondents do not argue that the failure to exhaust administrative remedies bars her petition and therefore have waived any such argument. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). And, in any event, this Court has found that failure to move for a bond hearing does not preclude habeas relief given the Board of Immigration Appeals' consistent holding—echoed by the respondents in this case—that aliens in Ms. Chanaluisa Alomoto's position are not eligible for a discretionary bond determination. *Perez Reyes*, 2025 WL 3755928, at *2; dkt. 10 at 12–13.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Ms. Chanaluisa Alomoto has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Ms. Chanaluisa Alomoto be immediately released. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: _1/27/2026_ 

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Elzara Eminova
Law Office of Elzara Eminova, LLC
info@eminova-law.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov